IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

CHEEL D. BAKER                                                                                    PLAINTIFF

v.                                              2:23-cv-00066-BSM-JJV

KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration,                                                        DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Brian S. Miller. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Cheel Baker, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

Plaintiff was fifty-five at the time of the administrative hearing. (Tr. 54.) She has a high school education, (*id.*), but no past relevant work. (Tr. 37.)

The ALJ[1] found Ms. Baker had not engaged in substantial gainful activity since March 1, 2015 - the alleged onset date. (Tr. 23.) She has "severe" impairments in the form of vision loss in the right eye, chronic obstructive pulmonary disease, and depression. (Tr. 24.) The ALJ further found Ms. Baker did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 25-26.)

The ALJ determined Ms. Baker had the residual functional capacity to perform a reduced

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

range of medium work. (Tr. 26.) As previously noted, the ALJ determined Ms. Baker had no past relevant work, so he utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments. Based in part on the testimony of the vocational expert, (Tr. 84-90), the ALJ determined she could perform the jobs of kitchen helper and dining room attendant. (Tr. 38.) Accordingly, the ALJ determined Ms. Baker was not disabled. (*Id.*)

The Appeals Council received additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making her decision the final decision of the Commissioner. (Tr. 1-6.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2)

In support of her Complaint, Plaintiff argues that the ALJ incorrectly discounted the opinion of her treating physician, Yasir Afzal, M.D. (Doc. No. 12 at 12-17.) Dr. Afzal provided a Physical Assessment, (Tr. 662-663), and, if fully credited, his opinion would likely mean that Plaintiff is disabled. However, the ALJ did not find his opinion fully persuasive. The ALJ stated:

> The opinion of Dr. Yasir Afzal, M.D., was somewhat persuasive (Exhibit 14F). Dr. Afzal completed a physical assessment, dated December 9, 2020 (Exhibit 14F). He indicated that her diagnoses included bilateral leg pain, chronic bronchitis and chronic insomnia (Exhibit 14F/1). He indicated that the claimant symptoms associated with her impairments were severe enough to interfere with her attention and concentration required to perform simple work-related tasks often (Exhibit 14F/1). He indicated that her medications of gabapentin and mirtazapine might cause drowsiness (Exhibit 14F/1). Dr. Afzal indicated that the claimant would not need to recline or lie down during an eight-hour workday or require excess breaks; however later in the form, he indicated that the claimant would need to take unscheduled breaks during an eight-hour workday at least every hour for 10-15 minutes (Exhibit 14F/1). However, he indicated that the claimant could walk for less than one block before she had to rest or would have significant pain (Exhibit 14F/1). He indicated that the claimant could sit and stand/walk for four hours in an eight-hour workday (Exhibit 14F/1). Dr. Afzal indicated that the claimant could occasionally left under carry up to 20 pounds occasionally (Exhibit 14F/1). He estimated that the claimant would likely be absent from work once or twice a month

>   (Exhibit 14F/2).
>
>   Dr. Afzal is a treatment source; treating sources typically have longitudinal knowledge of all of the claimant's medical conditions. In this case, his opinion that the claimant could perform light exertional work might be supported with the rest of the medical evidence of record. However, his expression that the claimant might require unscheduled breaks was internally inconsistent, and his statement that the claimant could walk for less than one block was not supported by his examination findings, and was inconsistent with the rest of the medical evidence of record. He did not provide a function-by-function analysis regarding the vocational limitations that he provided. For these reasons, the undersigned finds that the opinion of Dr. Afzal was only somewhat persuasive as a whole.

(Tr. 35-36.)

Plaintiff argues, *inter alia*, that the ALJ "failed to adequately address the consistency of Dr. Afzal's medical opinion in accordance with Social Security regulations in 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ's statement that Dr. Afzal's opinion is 'inconsistent with the rest of the medical evidence of record' does not provide any meaningful discussion of the overall evidence. (Doc. No. 12 at 14-15)."

Claims filed after March 27, 2017, like Ms. Baker's, are analyzed under 20 C.F.R. § 404.1520c. *Pemberton v. Saul*, 953 F.3d 514, 517 n.2 (8th Cir. 2020). Under the current regulatory scheme, the Commissioner "will not defer or give any specific weight, including controlling weight, to any medical opinion(s)," including those from the claimant's treating physicians. 20 C.F.R. § 404.1520c(a). The regulation instructs the ALJ to determine the persuasiveness of each medical source or prior administrative medical findings based on the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) any other factor that tends to support or contradict a medical opinion. 20 C.F.R. § 404.1520c(a), (c). The ALJ is required to "explain" her decision as to the two most important factors—supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). "The more

relevant the objective medical evidence and supporting explanations presented" and the "more consistent a medical opinion(s) or prior administrative medical finding(s) is with evidence from other medical and non-medical sources, the more persuasive the opinion(s) or prior administrative medical finding(s) will be."  20 C.F.R. § 404.1520c(c)(1)-(2).

After a close review of the medical evidence, I find that the ALJ properly evaluated the opinion of Dr. Afzal.  When discussing his opinion, the ALJ addressed both supportability and consistency factors.  (Tr. 36.)  While declining to fully adopt Dr. Afzal's opinion regarding Plaintiff's limitations, the ALJ noted that the opinion was "not supported."  *Id.*  A physician's own treatment notes are typically relevant to supportability of the medical opinion.  *See Maxwell v. Kijakazi*, No. 3:20-cv-00408, 2021 WL 5998018 PSH, at *1, *2 (E.D. Ark. December 20, 2021) (citing *Dotson v. Saul*, No. 4:20-cv-00310 RWS, 2021 WL 2529786, at *5 (E.D. Mo. June 21, 2021).  Out of the numerous medical notes submitted, nothing suggests Plaintiff's impairments required unscheduled breaks nor was there support for Dr. Afzal's conclusion that Plaintiff could walk less than one block.  *See Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001) (discounting opinion when restrictions physician listed in medical source statement did not appear in doctor's own treatment records).

Further, the form consisted of conclusory statements rather than findings tied to clinical or diagnostic data, as it did not reference his own treatment notes or other medical evaluations.  *See Thomas v. Berryhill*, 881 F.3d 672, 675 (8th Cir. 2018) (describing opinions as "little evidentiary value" that consist of "nothing more than vague, conclusory statements—checked boxes, circled answers, and brief fill-in-the-blank responses").  Thus, the form did not cite any medical evidence nor provide any elaboration on how Dr. Afzal reached his conclusions.  *See id.*

In accordance with 20 C.F.R. § 404.1520c, the ALJ fully considered all the medical

opinions and prior administrative medical findings and evaluated and explained their persuasiveness under the pertinent factors. Accordingly, the ALJ found opinions persuasive by State agency reviewers, consultative examiners, and treating physicians when their opinions were well supported and consistent with the treatment records and unpersuasive when they were not.

Plaintiff also argues that the ALJ failed to "provide valid reasons for disregarding [her] testimony regarding her bilateral leg pain, and failed to properly consider SSR 16-3p." (Doc. No. 12 at 17.) In his analysis of Plaintiff's residual functional capacity assessment, the ALJ fully considered Plaintiff's testimony about her leg pain. (Tr. 28-34, 64-68, 578, 604-05, 707, 763-64, 766-67, 779-81, 866-68). The ALJ noted that Dr. Afzal referred Ms. Baker to vascular surgeon, Prateek Gupta, M.D., who examined her and only recommended compression stockings. (Tr. 33, 779-81). He did order an ultrasound, with negative results. (Tr. 868.) During that follow-up visit three months later, Plaintiff still had not tried the compression stockings. (*Id.*). The ALJ also reported that Plaintiff's doctors had reported only normal musculoskeletal and neurological findings on physical examination. (Tr. 30-31, 33, 35, 568-70, 591, 613, 669, 837). Accordingly, the ALJ could fairly conclude that Plaintiff's leg pain did not impact her residual functional capacity assessment.

Plaintiff's counsel has done an admirable job advocating for Ms. Baker's rights in this case. However, the objective medical records simply fail to support a claim of *complete disability*. Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically

acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 15th day of November 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE